Dear Mayor Cupit:
Our office received a request for an opinion concerning the City of Westlake's submission of nominees for the Board of Commissioners governing the Lake Charles Harbor and Terminal District ("Board"). Such request has been assigned to me for research and reply.
Consistent with La.R.S. 34:202(A)(2)(a), the members of the Board representing Westlake are chosen as follows:
 The governor shall appoint commissioners, subject to Senate confirmation. Except for initial appointments and terms . . . commissioners shall serve four-year terms and shall be appointed from nominations as follows:
 (ii) One of the successors to the two members serving initial terms as provided in Item (b)(ii) of this Paragraph shall be appointed from a list of three nominees submitted by the governing authority of Westlake . . .
Your letter indicates that at a meeting of the Mayor and Council on February 21, 2011, the Council considered the names of four individuals who had expressed interest in the appointment, and chose three names to submit to the governor. The names were submitted in alphabetical order, with no preference indicated. At a Council meeting on April 18, 2011, the Council approved a motion to send a letter to the governor providing for an order of preference for the nominees previously submitted. Three of the five council members approved such motion, and you, as the Mayor, appointed one of the council members to prepare the letter with the assistance of the City Attorney for signature by the three council members who approved the motion. On April 19, 2011, a *Page 2 
council member objected to sending a letter, stating that instead the Council should send a Resolution. After referring to the recording of the April 18 meeting, it was confirmed that the motion was made to send a letter to the governor. The council member now wishes to call a special meeting to pass a Resolution indicating the order of preference by the three council members.
You have asked our office to provide an opinion as to whether the governing authority should indicate a preference on the nominations when La.R.S. 34:202 does not require the governing authority to do so and whether there is a limitation to the number of times this issue may be discussed by the governing authority. We note that your office has indicated the Council operates under Robert's Rules of Order.
To address your first inquiry, while there is nothing in La.R.S. 34:202 requiring the governing authority to indicate a preference for the nominations submitted to the governor, there is also nothing which would prevent the governing authority from doing so. The statute simply directs the governing authority to submit a list of three nominations for the governor to consider from, and the governing authority has done that. However, as provided for in your letter, a majority of the governing authority has passed a motion indicating its desire to indicate a preference of the individuals recommended to the governor. As such is not required nor prohibited, this decision is discretionary. Even though the vote to send a letter indicating preference was not unanimous, there is nothing in the law requiring a unanimous vote on a discretionary act of the Council.
Further, Robert's Rules of Order provides that, in general, an act or choice of a body is indicated by the adoption of such by a majority vote.[1] Certain exceptions to this general principle are noted, where more than a majority vote is required, as follows:
 (a) where required by law; (b) where provided by special rule of a particular organization or assembly as dictated by its own conditions; or (c) where required under the general parliamentary law in the case of certain steps or procedures that impinge on the normal rights of the minority, of absentees, or of some other group within the assembly's membership.[2]
None of the above described exceptions are applicable. Thus, it is the opinion of this office that there is nothing preventing the governing authority from submitting a preference on the list of individuals provided to the governor for appointment to the Board.
You also ask whether there is any limit to the number of times the Council may address this issue. We note that the City of Westlake is governed by the Lawrason Act, La.R.S. 33:321 et seq. There is no information provided indicating that the Council has adopted *Page 3 
rules for participation in meetings. As such has not been adopted, please note that our office has previously given the opinion that, as presiding officer of the meetings[3] and consistent with La.R.S. 33:404(A)(9), the Mayor has control over the items scheduled for discussion on the agenda. See La. Atty. Gen. Op. Nos. 08-0325, 05-0145, 03-0288. Although, as discussed in La. Atty. Gen. Op. No. 08-0325, please also take note of the Council's authority to amend the agenda to add an item for discussion as permitted by La.R.S. 42:19.
Thus, if you, as Mayor, do not see merit in continued revisiting of a particular issue, this may be addressed pursuant to your authority in setting the agenda. However, the Council could still decide to discuss the issue by unanimously deciding to amend the agenda following the procedures set forth by La.R.S. 42:19. There is nothing in the law preventing the Council from doing so.
The Council's ability to revisit the issue, should it determine it wishes to do so, is consistent with the principle discussed in Robert's Rules of Order concerning the freedom of each new session. Each regular meeting of the Council and Mayor constitutes a separate session.[4] As noted by La. Atty. Gen. Op. No. 11-0034, one of the distinct characteristics of separate sessions is the freedom of each new session, and further, as a general principle, one session cannot tie the hands of the majority at a later session.[5] Thus, although a majority of the Council voted to send a letter indicating its preference, if the Council wants to reconsider the form in which it indicates such preference, there is nothing preventing it from doing so.
We hope that this opinion has adequately addressed the legal issues you have raised. If our office can be of any further assistance, please do not hesitate to contact us.
 With best regards,
 JAMES D. "BUDDY" CALDWELL ATTORNEY GENERAL
 BY:_______________ Emaile A. Boyce Assistant Attorney General
 JDC: EAB
[1] RONR (10th ed.), p. 4, 1. 5-7.
[2] RONR (10th ed.), p. 4,1. 15-21.
[3] La.R.S. 33:405(A)(1).
[4] RONR (10th ed.), p. 81, I. 29-33 provides "In a permanent society whose bylaws provide for regular weekly, monthly, or quarterly meetings that go through an established order of business in a single afternoon or evening, each `meeting' of this kind normally completes a separate session . . ."
[5] RONR (10th ed.), p. 85, I. 15-18.